## TEN EYCK VS. BROWN.

1. GUARANTY OF NOTE. — A guaranty of payment of a promissory note is an absolute untertaking by the guarantor that the maker shall pay it at maturity, and a demand of the maker and notice to the guarantor are not necessary to charge the latter. Upon the failure of the maker to pay it, the liability of the guarantor becomes absolute. *Mallory v. Lyman et al., ante,* 443.

2. GUARANTOR — LIABILITY OF. — The undertaking of a guarantor of payment of a promissory note is essentially different from that of the maker, and is contingent upon the failure of the maker to pay it, and he cannot be held liable as a joint maker.

3. SAME. — A contract of guaranty of payment of a negotiable promissory note is not itself negotiable, and in the absence of any statute authorizing the assignee of such guaranty to sue thereon, the action to enforce it must be brought in the name of the party to whom it was given.

(4 Chand., 151.)

ERROR to the County Court for *Green* County.

Assumpsit brought by *Brown* against *Ten Eyck* on a guaranty indorsed on a promissory note given by one Sabin payable to one May or bearer, as follows: "In consideration of one dollar received, I hereby guaranty the payment of the within note.                                    JACOB TEN EYCK."

At the trial the note and guaranty were offered in evidence, and they were objected to by the defendant for the reason that the guaranty was not negotiable, and any action thereon must be brought in the name of the party to whom it was given.    The court overruled the objection and received the note and guaranty in evidence, and the defendant, without further evidence, rested his case.    The defendant then proved by one Edson, that he purchased the note in question of Lawrence, Strong & Co., and that the guaranty in question was on it at the time, and that he afterwards sold the note to *Brown* the plaintiff.

The plaintiff had judgment and the defendant sued out a writ of error.

*B. Dunwiddie,* for plaintiff in error, contended that a guar-

anty of payment of a note is not negotiable, and must be sued on in the name of the person to whom it was given (Story on Notes, 633 ; 19 Wend, 557); that when a guaranty of payment does not contain the name of any person, and is not dated, it cannot be presumed that it was made at the same time the note was, but a person suing on the guaranty must prove that it was made to him or he cannot recover. *Miller v. Gaston*, 2 Hill, 188.

*C. Abbott*, for defendant in error.

WHITON, C. J. This case differs from that of *Mallory v. Grant et al.*, *ante*, 443, though some of the principles which governed us in that case are applicable to this.

In that case, we held that a guaranty of the payment of a promissory note was an absolute, unconditional engagement, by the guarantor, that the maker should pay it at maturity ; that a demand upon the maker and notice to the guarantor, were not necessary to charge the latter, but that his liability became absolute upon the failure of the maker to pay it according to its tenor and effect. By applying these principles to the case before us, it appears that *Ten Eyck* became liable upon the failure of Sabin, the maker, to pay the note at maturity, without any demand upon Sabin, or notice of non-payment to the defendant.

But we are called upon to decide a question in this case which was not involved in that of *Mallory v. Grant et al.*, before alluded to. In that case, the guaranty was made to Mallory, the plaintiff in the suit. In the case before us, it seems clear from the testimony, that the guaranty was not made to the plaintiff, but was made to one of the previous holders of the note. The judge states, in the bill of exceptions, that the reason why he held the defendant liable was, that he considered him a joint maker of the note with Sabin. If he was, then undoubtedly the decision of the judge was correct, and the judgment should be affirmed ; so also the judgment should be

affirmed, though we should differ·from·the judge in the opinion that he is a joint·maker of the note, if we should think him liable to the plaintiff upon the guaranty.

We are of opinion that he cannot be held liable as a joint maker of the note.    We are aware that guarantors of the payment of promissory notes have been so held by courts of the highest respectability ; but the undertaking of a guarantor of the payment of a note is essentially different from that of the maker.    He does not promise that he will pay the note, but that the maker, who has agreed to pay it, and who is bound to pay it, shall perform his agreement.    His agreement is absolute and unconditional that the maker of the note shall pay it, but his liability is contingent upon the failure of the maker to pay it.    *Brown v. Curtis*, 2 Comst., 225.    We do not see therefore how he can be regarded as a joint maker of the note.

Nor do we think that the contract of guaranty is negotiable. This.seems to follow, from the proposition that the guarantor of a note cannot be held as a maker or endorser; for, if the guaranty is distinct from the note, if it is merely an agreement by the guarantor that the maker shall pay it, and not that he will himself pay it, I do not see how it can be so regarded. *Miller v. Gaston*, 2 Hill, 188.    By the common law, choses in action are not assignable ; and if we have arrived at a correct conclusion as to the nature of contracts of guaranty, they are not made so by statute.    If our view of the law is correct, it is clear that the plaintiff in error should not have been held liable in this action, as the testimony shows that the contract sued upon was not made with the plaintiff, but with one of the previous holders of the note.    The judgment must therefore be reversed.